UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMONT GEETER, #223130,

          Plaintiff,

                                           CASE NO. 2:12-CV-15364
v.                                    HONORABLE VICTORIA A. ROBERTS

JESSICA COOPER, et al.,

          Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

## I.    Introduction

      The Court has before it Michigan prisoner Charles Geeter's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  In his complaint, Plaintiff challenges the validity of his state criminal convictions,[1] claiming that the authorities lacked probable cause for his arrest.  He asserts claims of malicious prosecution, false arrest and imprisonment, and abuse of process.  He names Oakland County prosecutor Jessica Cooper and Oak Park Police Detective Jason Ginopolis as defendants and sues them in their official and individual capacities.  He seeks monetary damages and release from custody.

      The Court dismisses this complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and on the basis of immunity.  The

---

[1]Plaintiff was convicted of armed robbery following a jury trial in the Oakland County Circuit Court and was sentenced to 15 to 30 years imprisonment in 2009.  *See* Offender Profile, Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=223130.

Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.

## II.     Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A

2

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## III.   Analysis

Plaintiff's complaint, which alleges that the authorities lacked probable cause for his arrest, is subject to summary dismissal because Plaintiff challenges his state court criminal proceedings and resulting conviction.  This fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of

3

a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on is claims, his conviction and continued confinement would be called into question. Consequently, his complaint is barred by *Heck* and must be dismissed.

Moreover, even if Plaintiff's claims were not barred by *Heck*, they would be subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff's claims of malicious prosecution, false arrest and imprisonment, and abuse of process, are speculative and conclusory. It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Maldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009) (dismissing malicious prosecution claim where plaintiff made only vague and conclusory allegations of false evidence); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Twombly*, 550 U.S. at 555-57.

Additionally, Plaintiff's claims against defendant Cooper in her official capacity are barred by sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

4

Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *see also Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Such sovereign immunity extends to judges and prosecutors in the Michigan courts who are sued in their official capacities. *Pucci*, 628 F.3d at 764; *Cady*, 574 F.3d at 342-45. Defendant Cooper is thus entitled to Eleventh Amendment immunity and Plaintiff's claims against her in her official capacity must be dismissed.

Defendant Cooper is also entitled to absolute immunity on Plaintiff's claims against her in her individual capacity for damages. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See, e.g., Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the

grand jury). Defendant Cooper is entitled to absolute prosecutorial immunity on any personal claim for damages arising from her actions as an advocate in Plaintiff's criminal proceedings.

## IV.    Conclusion

The Court concludes that Plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that Defendant Cooper is entitled to immunity on Plaintiff's claim for damages. Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 13, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Charles Geeter by electronic means or U.S. Mail on December 13, 2012.

S/Carol A. Pinegar
Deputy Clerk